**JBG/JER SHADY GROVE,
LLC, Plaintiff,**

v.

**EASTMAN KODAK COMPANY,
Defendant.**

**No. CIV. A. AW–00–03292.**

United States District Court,
D. Maryland.

Jan. 12, 2001.

Peter Buscemi, Mark A. Goodin and Morgan, Lewis & Bockius, LLP, Washington, D.C., for Plaintiff.

John C. Hayes, Jr., Carolyn M. White, Elizabeth A. Allen and Nixon Peabody, LLP, Washington, D.C., for Defendant.

## *MEMORANDUM OPINION*

WILLIAMS, District Judge.

Presently before the Court is Plaintiff JBG/JER Shady Grove, LLC.'s ("Shady Grove") Motion to Remand. With an opposition having been filed by Defendant, and a reply filed by Plaintiff, the motion is ripe for resolution. No hearing is deemed necessary. *See* Local Rule 105.6 (D.Md.). For the reasons discussed below, the Court will grant Plaintiff's motion and remand the present case to the Circuit Court for Montgomery County, Maryland.

### *BACKGROUND*

The present case was originally filed in the Circuit Court for Montgomery County, Maryland. Defendant on November 3, 2000 removed the case to this Court pursuant to 28 U.S.C. § 1332 due to the alleged diverse citizenship of the parties. Defendant Kodak's place of incorporation is New Jersey and its principal place of business is New York. Plaintiff Shady Grove, at first glance, is a Delaware Corporation with its principal place of business in Washington, D.C. However, Plaintiff Shady Grove is also a multi-tiered limited liability company ("LLC"). Shady Grove is made up of three LLC's, one of which has two members that are limited partnerships. One of these limited partnerships has limited partners that are a corporation formed under New York law and that has its principal places of business in New York. (Plaintiff's Motion to Remand, Exhibit A, ¶ 6). Plaintiff argues that because both parties have ties to New York, there is no complete diversity and the present case should be remanded to state court. Defendant argues that an LLC should not be treated as a partnership or a limited partnership. Furthermore, Defendant believes that the citizenship of a complex corporate structure should not be based on the members of each entity which comprises the membership in the LLC.

## DISCUSSION

### I. Federal Removal

Under 28 U.S.C. § 1441, a defendant may remove to a federal district court any civil action over which the federal district court holds original jurisdiction. Under 28 U.S.C. § 1332(a)(1), the federal district courts shall have original jurisdiction in a civil action that involves citizens of different states. However, if at anytime, the federal district court determines that it does not have original jurisdiction, then the case must be remanded back to state court from which it was removed. See 28 U.S.C. § 1447(c).

### II. Citizenship of an LLC for Diversity Purposes.

■ Plaintiff Shady Grove is a limited liability company. LLC's were created by state legislatures in response to tax concerns by corporations. The concept is to have a corporation that the Internal Revenue Service would treat like a partnership, thus eliminating the tax disadvantages of forming a corporation. Franklin A. Gevurtz, Corporation Law, § 1.1.1e (1st ed.2000). The Fourth Circuit has not dealt with the issue of a limited liability company's citizenship for purposes of diversity jurisdiction. However, a survey of other circuits in the United States shows an overwhelming holding that a limited liability company is a citizen of the state or states of which its members are citizens. *JMTR Enterprises, LLC v. Duchin*, 42 F.Supp.2d 87 (D.Mass.1999). See *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.1998); *U.S.A. Seafood, LLC v. Koo*, 1998 WL 765160, at *1 (S.D.N.Y. Oct.30, 1998); *International Flavors and Textures, LLC. v. Gardner*, 966 F.Supp. 552, 554 (W.D.Mich.1997). The court in *Cosgrove* stated that "a limited liability company is like a limited partnership." *JMTR Enterprises* at 94. (Quoting *Cosgrove*, 150 F.3d at 731.)

The United States Supreme Court has held that a limited partnership is not a citizen of the state in which it was organized, but rather a citizen of the state or states of which its partners are citizens. *Carden v. Arkoma Associates*, 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). The *Carden* court went on to state that "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'" *Id.* at 195, 110 S.Ct. 1015. (Quoting *Chapman v. Barney*, 129 U.S. 677, 682, 9 S.Ct. 426, 32 L.Ed. 800 (1889)). The supreme court has resisted the temptation of expanding corporation's special diversity qualifications to other statutorily created entities. *Id.* at 189, 110 S.Ct. 1015. This Court can find no reasons to treat a limited liability company as a corporation. A corporation's diversity status was created by Congress in 28 U.S.C. § 1332(c)(1). However, Congress has remained silent as to the factors used to determine the diversity jurisdiction of limited liability companies. This Court finds no reason to extend Congress' special rules of diversity jurisdiction for corporations to limited liability companies. Plaintiff has presented evidence clearly establishing that one of its members, a corporation, was incorporated in New York and has its principal place of business in New York. Because Plaintiff is a citizen of New York and Kodak is a citizen of New York pursuant to 28 U.S.C. § 1332(c)(1), there is no complete diversity. This Federal District Court does not have original jurisdiction over the present case, and therefore must remand the action to state court.

### III. Costs and Attorney Fees

■ When an action is remanded to the state court, the federal district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Plaintiff has cited to cases outside of this circuit which give the court discretion to award costs and attorney fees when a minimal amount of research would have determined that removal was inappropriate. This Court will

decline to award costs and attorney fees to Plaintiff. The issue of citizenship for a complex business structure such as Plaintiff's LLC is a case of first impression for this circuit. Clearly, a minimal amount of research would not have produced a concise answer to the question of whether there was an appropriate need for removal in this case. Furthermore, it is disputed by both parties as to whether Plaintiff's full corporate structure information was made available to the Defendant for its determination of Plaintiff's citizenship. Since Plaintiff's argument was one of first impression to the Court, Defendant will not be assessed costs and attorney fees.

## CONCLUSION

This Court will grant Plaintiff's Motion to Remand the present case to state court. A limited liability company's citizenship, for diversity jurisdiction is determined by all of its members. A limited liability company is not to be treated as a corporation for citizenship purposes. Because Kodak's principal place of business is in New York and one of Plaintiff's limited partners has citizenship in New York, there is no complete diversity and this Court does not have original jurisdiction over the matter. Furthermore, the Court will not award costs and attorney fees to the Plaintiff because this was a case of first impression and the Defendant will not be punished by this Court for bringing a removal action.