Thomas P. PIPPETT, Jr., Joseph T. McDonald, and James J. Rosato, Ind. Par. T/A Ecm Electrical Construction,

v.

### WATERFORD DEVELOPMENT, LLC, et. al.

### No. CIV.A.01–CV–539.

United States District Court, E.D. Pennsylvania.

July 30, 2001.

Gerald Jay Pomerantz, Mark S. Scheffer, Pomerantz & Scheffer, Philadelphia, PA, for Plaintiffs.

Rebecca J. Houlding, Goldstein and Morris, LLP, New York City, Andrew Houlding, Rome, McGuigan, Sabanosh, PC, Bridgeport, CT, for Defendants.

## *MEMORANDUM AND ORDER*

SHAPIRO, Senior District Judge.

### BACKGROUND

Plaintiffs, Thomas Pippett, Jr., Joseph T. McDonald, and James J. Rosato, individually and trading as ECM Electrical Construction, were employed by defendant, Waterford Development, LLC, from July, 2000 until October 2, 2000. Waterford was formed to serve as the master developer for a major development project in Hartford, Connecticut called Adriaen's Landing.

Waterford retained TPP International, Inc. ("TPPI"), a construction management services company, to work on the project. TPPI is a Pennsylvania corporation owned by Thomas Pippett, Sr. ("Pippett, Sr."). Pippett, Sr. contacted plaintiffs on behalf of Waterford to discuss positions with the Adriaen's Landing project in Connecticut. Through these discussions and interviews with Waterford personnel, plaintiffs came to Connecticut from New Jersey and Pennsylvania to work on the Adriaen's Landing project. On October 2, 2000, Waterford terminated the plaintiffs' employment.

### PROCEDURAL HISTORY

Plaintiffs brought suit against Waterford Development LLC ("Waterford") for breach of contract and promissory and equitable estoppel. Waterford moved to dismiss this action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), for improper venue under Federal Rule of Civil Procedure 12(b)(3), or for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In the alternative, Waterford moved to transfer venue under 28 U.S.C. § 1404(a). Plaintiffs opposed the motions.

At oral argument, the court *sua sponte* raised the issue of subject matter jurisdiction.[1] Noting that Waterford is a

---

1. A federal district court has a duty to consider its own jurisdiction prior to considering the merits of an action. *See Employers Ins. of*

limited liability company, the court determined that plaintiffs had failed to allege diversity jurisdiction properly in their complaint. The court granted plaintiffs leave to amend the complaint to correct the oversight.

■ The filing of an amended complaint generally renders a pending motion to dismiss moot. *See e.g., Adams v. Goodyear Tire & Rubber Co.,* 1997 WL 833288, *1 (D.Kan. Dec.19, 1997). But here, Waterford filed a supplemental motion to dismiss after plaintiffs filed the amended complaint. The supplemental motion states "[a]ll of Defendant Waterford's prior motions and arguments directed at Plaintiff's Complaint are hereby incorporated by reference and redirected at Plaintiffs' Amended Complaint." In addition, the supplemental motion requests the dismissal of plaintiff's complaint for lack of subject matter jurisdiction and/or for improper service.

## DISCUSSION

### I. Service of Process

In his amended complaint, plaintiff asserts claims against the individual members of Waterford Development, LLC. Defendant Waterford asserts that plaintiffs' amended complaint must be dismissed because the added individual defendants have not been properly served.

■ Even if Waterford has standing to assert this failure as to the individual defendants, under Federal Rule of Civil Procedure 4(m), a plaintiff has 120 days to serve a defendant. Defendant's motion to dismiss for improper service is premature.

### II. Subject Matter Jurisdiction

Diversity jurisdiction under 28 U.S.C. § 1332, requires the parties to be citizens

*Wausau v. Crown Cork & Seal Co., Inc.,* 905

of different states. Plaintiffs in this case are citizens of New Jersey and Pennsylvania. Waterford is a limited liability company, an unincorporated association which is like a limited partnership for purposes of diversity jurisdiction. *See JBG/JER Shady Grove, LLC v. Eastman Kodak Company,* 127 F.Supp.2d 700, 701 (D.Md. 2001). A limited partnership is an "unincorporated association whose citizenship is deemed to be that of the persons composing such association." *Trent Realty Associates v. First Federal Savings and Loan Association of Philadelphia,* 657 F.2d 29, 31–32 (3d Cir.1981); *see also JBG/JER Shady Grove, LLC.,* 127 F.Supp.2d at 701; *JMTR Enterprises, LLC v. Duchin,* 42 F.Supp.2d 87, 93 (D.Mass.1999); *International Flavors and Textures, LLC v. Gardner,* 966 F.Supp. 552, 554 (W.D.Mich.1997).

■ Plaintiffs pleaded that Waterford's members are all citizens of Connecticut. Defendant contends that plaintiffs have failed to prove Waterford's members are all citizens of Connecticut, but Waterford's Executive Vice President signed an affidavit stating "all of Waterford's principals and responsible employees are located in Connecticut." Aff. Mark Wolman, § 10. Waterford is a citizen of Connecticut for jurisdictional purposes.

The parties are diverse, and the damages claimed by each defendant exceed $75,000, the statutorily required amount for diversity jurisdiction. Therefore, this court has subject matter jurisdiction over this case.

### III. Personal Jurisdiction

Federal Rule of Civil Procedure 4(e) states that a federal court may assert personal jurisdiction over a nonresident defendant to the extent permitted by the law of the state in which the court sits. *See*

F.2d 42, 45 (3d Cir.1990).

*Dollar Savings Bank v. First Security Bank of Utah,* 746 F.2d 208, 211 (3d Cir. 1984). Pennsylvania law permits a court to assert jurisdiction over nonresident defendants to the extent allowed by the Constitution of the United States. 42 Pa. C.S.A. § 5322(b).

The due process clause of the Constitution requires that the defendant have at least "minimum contacts" with the forum state for that state's courts to assert jurisdiction over the defendant. *See Burger King v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The burden of defending a suit in a state where the defendant has minimum contacts does not "offend traditional notions of fair play and substantial justice." *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ When the defendant raises a jurisdictional defense, it is the plaintiff's burden to establish jurisdiction. *See Mellon Bank v. DiVeronica Bros.,* 983 F.2d 551, 554 (3d Cir.1993). Plaintiffs must demonstrate either (1) the defendant has "continuous and systematic contacts with the forum state, or (2) the cause of action arose from the defendant's forum related activities". *Id.* Plaintiffs assert that this court has personal jurisdiction over Waterford because this cause of action arises out of Waterford's efforts to recruit employees some of whom were Pennsylvania residents.

Waterford hired TPPI, a Pennsylvania corporation owned by Thomas Pippett, Sr., a Pennsylvania citizen, to work on the Adriaen's Landing project on May 25, 2000. *See* Aff. Mark Wolman, § 10. Pippett Sr. was asked by Waterford to recruit persons to work on the project. Waterford retained final approval of any recruited personnel.

Pippett Sr. initially contacted plaintiff Rosato, a Pennsylvania resident, in May, 2000. Pippett, Sr. and Rosato discussed in Pennsylvania the terms and conditions of employment with Waterford. Pippett Sr.'s recruitment of Rosato continued in June, 2000, and on June 13, 2000 Rosato flew to Connecticut to meet with Len and Mark Wolman (the "Wolmans"), Waterfords' CEO and Vice President of Development, to receive final approval.

Similarly, Pippett Sr. contacted plaintiff McDonald, a Pennsylvania resident, in May, 2000 to discuss employment with Waterford. The recruitment of McDonald continued in June, and on June 16, 2000 McDonald flew to Hartford to meet with the Wolmans to receive final approval.[2]

It is a close question whether these recruitment efforts establish the requisite minimum contacts necessary to establish personal jurisdiction over Waterford in this court, but they are probably minimally sufficient. Waterford knew that Pippett, Sr., a Pennsylvania construction manager, was gathering a team to work with him on the Adriaen's Landing project, and it was reasonably foreseeable that he would recruit persons he had previously worked with in Pennsylvania. It is probably not offensive to "notions of fair play and substantial justice" that these contacts should lead to Waterford's having to defend itself in Pennsylvania.

## IV. Venue

When federal jurisdiction is based upon diversity of citizenship, venue lies in: (1) a judicial district where any defendant resides, if all defendants reside in the same

---

**2.** Pippett, Jr., the third plaintiff, is a New Jersey resident and was presumably contacted by Pippett, Sr. in that state. The complaint and motions allege very little about how Pippett, Jr. came to work for Waterford.

state; or (2) a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(a). When an action involves a defendant corporation, 28 U.S.C. § 1391(c) provides that a corporation resides in any judicial district in which it is subject to personal jurisdiction.

■ Waterford is a limited liability company, an unincorporated association similar to a partnership, limited partnership, or a labor union. An unincorporated association has no citizenship independent of its members for determining jurisdiction, but for determining venue it is treated as a corporation. *See Denver and Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen,* 387 U.S. 556, 559–60, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967). Under § 1391(c) & (a) venue lies wherever Waterford is subject to personal jurisdiction. If there is personal jurisdiction over Waterford in the Eastern District of Pennsylvania, venue lies here.

### V. Transfer of Venue

■ Even if there is jurisdiction over Waterford in Pennsylvania and venue lies here, Waterford requests this action be transferred to the District of Connecticut under 28 U.S.C. § 1404(a), providing for a transfer of venue to any other district where the action might have been brought for the convenience of the parties and witnesses and in the interest of justice. The decision to transfer an action under § 1404(a) rests in the court's discretion. *See Lony v. E.I. DuPont de Nemours & Co.,* 886 F.2d 628, 631–32 (3d Cir.1989). Before transferring venue, the district court must articulate specific reasons for its decision. *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43 (3d Cir.1988).

This action could have been brought in the District of Connecticut. Waterford is a Connecticut company, and Connecticut has personal jurisdiction over Waterford. The District of Connecticut would have diversity jurisdiction over this action, as plaintiffs are from Pennsylvania and New Jersey and allege damages greater than the jurisdictional minimum. Since venue lies where a limited liability company is subject to personal jurisdiction under § 1391(a), Connecticut is also a proper venue for this action.

■ Having determined the action might have been brought in the transferee district, the court must weigh the same factors it would consider in a *forum non conveniens* motion to ascertain if transfer serves the interest of justice and the convenience of the parties. *See Norwood v. Kirkpatrick,* 349 U.S. 29, 30, 75 S.Ct. 544, 99 L.Ed. 789 (1955). A plaintiff's choice of forum should not be overturned lightly, *see Piper Aircraft v. Reyno,* 454 U.S. 235, 244, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), but the inconvenience required for a § 1404 transfer is less than that required for court to dismiss the action on *forum non conveniens* grounds. *Norwood,* 349 U.S. at 30, 75 S.Ct. 544. The factors the court must consider include:

> (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attending witnesses; (3) the cost of attendance at trial by willing witnesses; (4) the possibility of view of the premises, if appropriate; (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive; (6) "public interest factors", including the relative congestion of court dockets, choice of law considerations, and the relation of the community in which the courts and jurors are required to serve to the occurrences that gives rise to the litigation.

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

The first five *Gilbert* factors address the private interests of the parties. In this action, relevant sources of proof, such as documentation pertaining to the plaintiff's employment by Waterford, are located in Connecticut. All non-party witnesses, except Thomas Pippett, Sr., reside in Connecticut. Connecticut is more than 100 miles from Pennsylvania, so these non-party witnesses could not be compelled to testify here. Fed. R.Civ. P. 45. Additionally, Adriaen's Landing is a quasi-state project, and certain state actors may be called to testify at trial. Requiring state officials to travel from Connecticut to Pennsylvania to testify about a Connecticut construction project would be an undue burden. These factors favor transferring the matter to District of Connecticut.

Even if the private interest factors alone do not justify transfer of venue, the public interest factors also weigh heavily in favor of transfer of this action to Connecticut. Connecticut has a greater interest in the outcome of this lawsuit than Pennsylvania does. The significant facts of this case took place in Connecticut. All of the plaintiffs worked for Waterford in Connecticut; they were both hired and fired there.

▉▉▉▉ The choice of law factor also favors Connecticut. A federal court sitting in diversity decides the applicable law by the choice of law rules of the forum state. *See Van Dusen v. Barrack*, 376 U.S. 612, 638–39, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Plaintiffs claim that defendant breached their employment contracts. "In Pennsylvania, contract actions are governed by the law of the place of contracting, the place where the last act necessary for the formation of the contract occurred." *Parkway Baking Co. v. Freihofer Baking Co.*, 255 F.2d 641, 646 (3d Cir. 1958) (citations omitted); *see also Bonham v. Dresser Industries*, 424 F.Supp. 891, 899 n. 35 (W.D.Pa.1976).

Plaintiffs admitted they were "hired by Tom Pippett subject to the approval of the Waldmans (sic)." Tr. Hearing, June 26, 2001, at 23; P's Resp., Ex. C at § 7. Each plaintiff "went up [to Connecticut] and the Waldmans (sic) saw them ... They did not disapprove [of] anyone." *Id.* The approval of the Wolman's was the last act necessary to form the contract. It occurred in Connecticut, so Connecticut law would apply. This favors transfer to a court more familiar with Connecticut law.

Connecticut has an additional interest because the action concerns a major development project in Hartford, Connecticut. This development is a public works project funded partly with state money. Any litigation involving Waterford will affect the citizens of Connecticut: Connecticut has a genuine interest in the outcome of this action while Pennsylvania has almost none. In light of the interest Connecticut has in this litigation, the burden of jury duty is more fairly placed on citizens of Connecticut.

The *Gilbert* factors favor a transfer to Connecticut. A transfer under § 1404(a) is appropriate and in the interests of justice.

Transfer of venue is also justified in this action because personal jurisdiction is questionable in Pennsylvania. When personal jurisdiction is questionable in one state, and a more appropriate forum exists elsewhere, transfer is proper. *See Schwilm v. Holbrook*, 661 F.2d 12, 15 (3d Cir.1981). While there are minimum contacts justifying the exercise of personal jurisdiction over the Waterford here, they are the most minimal of contacts. Connecticut is a far more appropriate forum than Pennsylvania, so this action should be transferred to the District of Connecticut, where it might have been brought.

## CONCLUSION

The court will transfer this action for the convenience of the parties and in the interests of justice. An appropriate order follows.

## *ORDER*

AND NOW, this 30th day of July, 2001, upon consideration of Waterford's motion to dismiss and in the alternative, motion to transfer under 28 U.S.C. § 1404(a)(# 3), plaintiff's response thereto (# 5), Waterford's reply (# 7), Waterford's supplemental motion to dismiss (# 17), and plaintiff's response thereto (# 18) and for the reasons stated in the accompanying memorandum, it is **ORDERED** that:

1. Defendant's motion and supplemental motion to dismiss are **DENIED**.

2. The motion to transfer to the United States District Court for the District of Connecticut, where it might have been brought, is **GRANTED**.

3. The Clerk of this court shall send a certified copy of this Memorandum and Order together with the record in this case to the Clerk of that court.