**In the Matter of the Arbitration between IFC INTERCONSULT, AG, Petitioner/Plaintiff,**

v.

**SAFEGUARD INTERNATIONAL PARTNERS, LLC,**
**Respondent**

**and**

**Safeguard International Fund, L.P., Respondent/Garnishee**

**No. MISC.A.04–00107.**

United States District Court,
E.D. Pennsylvania.

Feb. 10, 2005.

Peter F. Vaira, Vaira & Riley PC, Philadelphia, PA, for IFC Interconsult, AG.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

Plaintiff/Petitioner IFC Interconsult, AG ("IFC") brings its Motion for Summary Judgment against Respondent/Garnishee Safeguard International Fund, L.P. ("the Fund") to enforce an arbitration award rendered in its favor by this court against Respondent Safeguard International Partners, LLC ("SIP"). IFC argues that the Fund is liable for the judgment that SIP has failed to satisfy. For the reasons set forth below, IFC's Motion for Summary Judgment is denied. In addition, the garnishment action against Respondent/Garnishee Safeguard International Fund, L.P. is dismissed for lack of subject matter jurisdiction.

## A. Background

In 1996, IFC contracted with SIP to obtain investors for the Fund. SIP is the general partner of the general partner (SIF Management, L.P.) of the Fund. In exchange for IFC obtaining investors for the Fund, SIP was to pay IFC placement fees. Prior to SIP contracting with IFC to obtain investors for placement fees, SIP had entered into a partnership agreement with the Fund which included an indemnity clause.[1] Although IFC knew of the Fund's existence at the time it contracted with SIP to obtain investors, it did not negotiate as a term of the contract that the Fund would guarantee SIP's obligations. IFC contracted solely with SIP.

After a dispute arose as to investments obtained by IFC, SIP refused to pay IFC further placement fees. IFC brought suit and on September 7, 2004, this court entered judgment confirming an approximately $3.9 million arbitration award in favor of IFC against SIP. To this point, SIP has failed to bond or satisfy the judgment. On November 8, 2004, IFC served the Fund as garnishee with a writ of execution upon the judgment against SIP. IFC argues that as SIP's judgment creditor, it stands in SIP's shoes and may enforce the indemnity clause contained in the partnership agreement between SIP and the Fund in order to collect on its judgment.

## B. Subject Matter Jurisdiction

1. *This court does not have original jurisdiction over the present garnishment proceeding under the Federal Arbitration Act*

■ This court exercised proper jurisdiction over the first phase of litigation,

---

1. The clause provides in part that "the Partnership shall indemnify and hold harmless each Indemnified Person from any and all reasonable costs and expenses and any and all damages and claims which may be incurred or asserted against him or it by reason of any action taken or omitted to be taken on behalf of the Partnership or in furtherance of its interest, or by reason of such Indemnified Person's connection to or relationship with the Partnership." Plaintiff's Motion for Summary Judgment, ¶ 6.

which resulted in a confirmation of IFC's arbitration award against SIP, under Article 2 of the Federal Arbitration Act ("the FAA"). The FAA provides for enforcement of foreign arbitral agreements and awards such as those at issue between IFC and SIP by incorporating the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). Under the FAA, federal district courts have original jurisdiction over actions reached by the Convention. 9 U.S.C. § 203. Article 2 provides for two types of claims in federal district court: (1) an action to compel arbitration pursuant to an arbitration agreement falling under the convention, 9 U.S.C. § 206; and (2) an action to confirm an arbitral award as against any other party to an arbitration made pursuant to an agreement falling under the convention, 9 U.S.C. § 207.

IFC argues that the FAA provides for original subject matter jurisdiction in the current action. But the current action is to enforce a judgment, not to compel arbitration or to confirm an arbitral award. IFC has already prevailed in both of those circumstances. In addition, the FAA's original federal jurisdiction does not extend to actions against parties which were not parties to the initial arbitration agreement. The Fund was not a party to the arbitration between IFC and SIP and as a result, we cannot extend original subject matter jurisdiction over this garnishment proceeding.[2]

### 2. This court lacks ancillary jurisdiction over the present garnishment proceeding

■ IFC argues in the alternative that this court retains ancillary jurisdiction over the present garnishment proceeding under 28 U.S.C. § 1367, which provides for supplemental jurisdiction "over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution." IFC cites *Skevofilax v. Quigley* for the proposition that a "district court has ancillary jurisdiction to adjudicate a garnishment action by a judgment creditor against a nonparty to the original lawsuit which may owe the judgment debtor an obligation to indemnify against the judgment, or any other form of property." *Skevofilax*, 810 F.2d 378, 387 (3d Cir.1987).

IFC distinguishes the current controversy from *Peacock v. Thomas*, 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996), relying instead on the earlier issued *Skevofilax*, while the Fund asserts that the more recent *Peacock* trumps *Skevofilfax*. In *Skevofilax*, the Third Circuit held that the district court had ancillary jurisdiction to

---

**2.** As the Fund itself points out, a district court's subject matter jurisdiction over a judgment-enforcement proceeding may be based on diversity jurisdiction. Response of Safeguard International Fund, L.P., to Motion for Summary Judgment, 7, n. 6. It would appear, though, that IFC cannot establish diversity jurisdiction in this action. The district court must "deny jurisdiction in an action by an alien against citizens of another state and another alien." *Field v. Volkswagenwerk AG*, 626 F.2d 293, 296 (3d Cir.1980). IFC is corporation organized and existing under the laws of Switzerland, thus establishing itself as an alien plaintiff for diversity purposes.

However, the citizenship of limited liability companies such as SIP and limited partnerships such as the Fund "is deemed to be that of the persons composing such association." *Pippett v. Waterford Dev., LLC,* 166 F.Supp.2d 233, 236 (E.D.Pa.2001). If any alien is a partner of the Fund, diversity is destroyed between IFC and the Fund. One of the partners of the Fund is Heinz C. Schimmelbusch, an Austrian citizen and not a permanent U.S. citizen. Thus diversity jurisdiction cannot be established. In any event, IFC does not allege diversity jurisdiction as grounds in this current proceeding and thus we need not reach this question.

adjudicate a garnishment action against a New Jersey township in order for plaintiffs to collect on a judgment rendered against police officers found liable for use of excessive force, where the township had agreed to indemnify the officers against liability. In *Peacock*, the Supreme Court abrogated *Skevofilax*, *Peacock*, 516 U.S. at 351, n. 2, 116 S.Ct. 862., and held that the district court did not possess ancillary jurisdiction over a new employee action to collect on an ERISA class action judgment rendered against a former employer through the employer's officer.

*Peacock* affirms the two instances in which ancillary jurisdiction may be exercised: "(1) to permit disposition by a single court of factually interdependent claims; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Peacock*, 516 U.S. at 354, 116 S.Ct. 862 (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379–80, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). In the first instance, the Supreme Court found that any factually interdependent questions were served once judgment was entered in the original ERISA suit. Similarly, when IFC's arbitration award was confirmed in the original district court suit, "the ability to resolve simultaneously factually intertwined issues vanished." *Id.* at 355, 116 S.Ct. 862. Regardless, as in *Peacock*, there is an insufficient factual dependence between the claims raised in IFC's prior and resolved effort to confirm its arbitration award and the current effort to enforce it through the Fund. The facts of the confirmation claim involved whether the participation in the arbitration process of a third party prohibited by a state court judge violated the process itself. The facts of the garnishment claim involve whether the Fund (a non-party to the arbitration) is required to indemnify SIP and satisfy IFC's judgment. IFC insists that the current case is "based on the same facts as the underlying arbitration award." Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, 7, n. 4. But in fact the claims "have little or no factual or logical interdependence, and, under these circumstances, no greater efficiencies would be created by the exercise of federal jurisdiction over them." *Id.* at 356, 116 S.Ct. 862 (citing *Kokkonen*, 511 U.S. at 380, 114 S.Ct. 1673).

As for the second instance, the Supreme Court in *Peacock* did approve the exercise of ancillary jurisdiction over "a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Id.* at 356, 116 S.Ct. 862 (citations omitted). Indeed, IFC cites vehemently to this portion of the decision, despite IFC's general reluctance to consider its own garnishment action as similar to that in *Peacock*. However, *Peacock* warns that the Supreme Court has "never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Id.* at 357, 116 S.Ct. 862. The Court explicitly cautioned against the exercise of jurisdiction over proceedings that are entirely new and original, such as the employee's effort to pierce the corporate veil to reach his former employer's officers in order to collect on his ERISA class action judgment. *Id.* at 358, 116 S.Ct. 862.

IFC argues that this garnishment action is not an entirely new and original proceeding and "simply invokes the district court's 'inherent power to enforce its judgments.'" Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, 7, n. 4 (quoting *Peacock*, 516 U.S. at 356, 116 S.Ct. 862). For this rea-

son it maintains that the action falls under *Skevofilax,* not *Peacock.* In fact, the question of the indemnifying clause does raise a new and original proceeding, one premised on legal theory distinct from that underlying the action to confirm the arbitral award—namely, whether the Fund has essentially committed a breach of contract in failing to indemnify SIP under the terms of the clause.

In *Skevofilax,* there was no dispute over the applicability of the clause.[3] The contractual language clearly stated that the township was responsible for any judgments against its employees incurred in the course of duty.[4] In the current case, the Fund has raised the argument that the language of its indemnification clause covers SIP's actual losses only, not its liability. As a result, the Fund states that it may ultimately need to reimburse SIP for the amount of the judgment *after* SIP pays the judgment itself, but it need not do so beforehand. Regardless of the strength of this contract-interpretation argument, it

does raise a genuine issue of material fact that precludes summary judgment. *See United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Fed.R.Civ.Pro. 56(c). This issue in turn raises an entirely new and original legal proceeding, over which this court cannot rightfully extend ancillary subject matter jurisdiction.

IFC cites to *Home Corp. v. deLone,* 1997 WL 214849 (E.D.Pa. April 23, 1997) as more recent evidence that *Peacock* does not control this case. Attorney deLone was initially sanctioned in a case he counseled against a defendant Kurtz. The sanctions remained unpaid. He later served as counsel in another unrelated case against defendant Home Corp., and won that case. Kurtz sought to collect on the sanctions fees he was owed by deLone from the first case by enforcing judgment against Home Corp., which owed attorneys' fees to deLone from the second case. The district court agreed that ancillary judgment was appropriate.

3. The collective bargaining agreement between the township and the police officers provided that in the "event of a judgment against a member of the bargaining unit arising out or incidental to the performance of his duty, the Employer agrees to pay for said judgment or arrange for the payment of said judgment." *Skevofilax,* 810 F.2d at 379.

4. In a very similar case cited by the Fund, the Sixth Circuit came out the other way. In *Hudson v. Coleman,* 347 F.3d 138 (6th Cir. 2003), two police officers were found liable in a civil rights action. The plaintiff sought to enforce the judgment through their employer, the City of Flint, Michigan. She claimed that the police officers' union contract obliged the city to indemnify the officers and thus the district court should extend ancillary jurisdiction. However, the Sixth Circuit found that the indemnification clause in question required the city to indemnify the officers only for acts within the scope of their employment and authority, and the initial suit did not establish that the officers' behavior fell within that scope. As a result, the appeals court

determined the enforcement action to be a new and original one and declined to extend the requested ancillary jurisdiction.

Our current case echoes *Hudson* closely in that interpretative issues remain as to whether the Fund is required to indemnify SIP before SIP has incurred actual losses. This court chooses not to follow *Yang v. City of Chicago,* 137 F.3d 522 (7th Cir.1998). While *Yang* also involved a plaintiff seeking enforcement of a civil rights judgment against police officers through the officers' city employer, the Seventh Circuit felt that since an officer had pulled a gun, he was acting in the scope of his employment, and thus there was no separate issue to be determined as to whether city's indemnification policy applied. In our current case the interpretative issue is not so easily subsumed. In addition, *Yang* concerned a municipality's general statutory duty to indemnify officers for liabilities incurred within their scope of employment. We are concerned with whether SIP has a right to loss indemnification or only liability indemnification under its private contract with the Fund.

*Home Corp.*, however, is distinguishable from the current case for the same reason as *Skevofilax* is distinguishable from both *Peacock* and the current case. There was no new and original factual issue or theory of liability involved in Kurtz's reaching the fees owed to him through Home Corp. There was no contractual question or indemnification clause interpretation at play as there is in our current case to render ancillary jurisdiction inappropriate.

## C. Conclusion

IFC seeks to grasp onto ancillary jurisdiction by repeatedly referring to the current claim as a mere effort to collect a judgment and not to establish liability on the part of the Fund. But because of the question of whether the indemnifying clause is activated by the current circumstances, such liability does need to be established as a separate case from confirming the arbitral award. *Peacock* explains this distinction in a particularly applicable manner:

> This [judgment-enforcement] action is founded not only upon different facts than the [initial] ERISA suit, but also upon entirely new theories of liability. In this suit, [the plaintiff] alleged civil conspiracy and fraudulent transfer of [his former employer's] assets, but, as we have noted, no substantive ERISA violation. The alleged wrongdoing in this case occurred after the ERISA judgment was entered, and Thomas' claims—civil conspiracy, fraudulent conveyance, and "veil piercing"—all involved new theories of liability not asserted in the ERISA suit. Other than the existence of the ERISA judgment itself, this suit has little connection to the ERISA case. This is a new action based on theories of relief that did not exist and could not have existed, at the time the court entered judgment in the ERISA case.

Similarly, IFC's judgment enforcement action relies not only on different facts than the award-confirmation suit, but also upon a new theory of liability—essentially, breach of contract between the Fund and SIP. The alleged wrongdoing in the current case occurred after the award-confirmation judgment was entered, and this effort to reach the Fund based is based on a contract theory of relief did not exist and could not have existed at the time this court entered judgment in the award-confirmation case.

A genuine issue of material fact remains as to whether the indemnification clause at issue applies to loss or liability coverage, rendering summary judgment inappropriate. The question of the indemnification clause raises a new theory of liability related to breach of contract, rendering ancillary judgment inappropriate. Therefore we need not reach the further questions of whether in fact the indemnity clause covers SIP's liability to IFC and not just its actual losses, whether the judgment debt is too contingent and uncertain to be attached in garnishment or whether IFC's garnishment claim is barred by the applicable statute of limitations.

This case is closed for administrative purposes. An appropriate order follows.

### *ORDER*

**AND NOW**, this 10th· day of February, 2005, upon consideration of Petitioner/Plaintiff's Motion for Summary Judgment, and the response, reply and surreply thereto, it is hereby **ORDERED** that the Motion is **DENIED**. It is further ordered that the garnishment action against Respondent/Garnishee Safeguard International Fund, L.P. is **DISMISSED** for lack of subject matter jurisdiction.

This case is closed for administrative purposes.