**INTERNATIONAL FLAVORS AND TEXTURES, LLC, and Baking & Milling Worldwide Foods, Inc., Plaintiffs,**

v.

**John G. GARDNER, and Savory Blends, Inc., Defendants.**

**No. 1:97–CV–369.**

United States District Court,
W.D. Michigan,
Southern Division.

May 20, 1997.

Kevin Abraham Rynbrandt, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for plaintiffs.

Robert E. Lee Wright, Miller, Canfield, Paddock & Stone, PLC, Grand Rapids, MI, Robert E. Lee Wright, Miller, Canfield, Paddock & Stone, Kalamazoo, MI, for defendants.

## *OPINION*

QUIST, District Judge.

Plaintiffs filed this action in the Circuit Court for the County of Kent, Michigan, alleging breach of contract, breach of fiduciary duty, tortious interference with business relationships and conversion. Defendants removed the action to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). On May 6, 1997, this Court held a hearing concerning Plaintiffs' request for a Preliminary Injunction. At the hearing, the Court questioned whether it had subject matter jurisdiction and ordered the parties to submit briefs responsive to that issue. This Opinion addresses the Court's subject matter jurisdiction.

### *Facts*

Plaintiff International Flavors and Textures, LLC ("IFT") is a Michigan limited liability company organized under the Michigan limited liability company act, M.C.L. § 450.4101 *et seq.* IFT's principal place of business is located in Kentwood, Michigan. The members of IFT are co-plaintiff, Baking & Milling Worldwide Foods, Inc. ("BMW") and defendant Savory Blends, Inc. ("Savory"). Plaintiff BMW is a Michigan corporation whose principal place of business is also in Kentwood, Michigan. Defendant John G. Gardner is a resident of the State of Washington. Defendant Savory is a Washington corporation with its principal place of business in Seattle, Washington.

Defendants' Notice of Removal states "Plaintiff International Flavors and Textures, LLC is a Michigan limited liability company, *the equivalent of a corporation,* with its principal place of business in Kentwood, Michigan" (emphasis added) (Notice of Removal at p. 2). Whether a limited liability company is truly the "equivalent" of a corporation for purposes of federal diversity jurisdiction is contested and is critical to the resolution of

whether this Court has subject matter jurisdiction.

### *Discussion*

■ A defendant desiring to remove a case on the basis of diversity jurisdiction has the burden of proving the diversity jurisdiction requirements. *Gafford v. General Elec. Co.,* 997 F.2d 150, 155 (6th Cir.1993). The diversity statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter is controversy exceeds ... $75,000, ..., and is between—(1) citizens of different States...." 28 U.S.C. § 1332(a). The diversity statute has been interpreted to require "complete diversity" of citizenship. *See Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806).

A limited liability company is designed to achieve the best of all worlds for some persons—the limited liability of a corporation plus the favorable tax treatment of a partnership. The members of a limited liability company are like shareholders of a corporation in that they are not personally liable for the debts of the company. The profits of a limited liability company, however, are not taxable to the company but flow directly to its members. Likewise, the losses of a limited liability company flow to and are deductible by its members. *See generally* Teresa Mosely Sebastian, *The Michigan Limited Liability Company Act: A Viable Alternative for Michigan Business?* 1993 Det. C.L.Rev. 151 (1993); Michael Indenbaum and Jeff Adelman, *Limited Liability Partnerships: Another Choice of Entity for Michigan Business,* 74 Mich. B.J. 946 (1995). In any event, it is very clear that a limited liability company is not a corporation:

'Limited liability company' or 'domestic limited liability company' means an entity that is an *unincorporated association* having 2 or more members and is formed under this act.

M.C.L. § 450.4102(2)(i) (emphasis added).

Under Section 210 of the Michigan limited liability company act, M.C.L. § 450.4210, the company has "all powers necessary or convenient to effect any purpose for which the company is formed, including all powers granted to corporations in section 261 of the

[Michigan] business corporation act [M.C.L. § 450.1261].” These powers include the powers to sue and be sued (M.C.L. § 450.1261(b)), own and deal with real and personal property (M.C.L. § 450.1261(f)), make contracts (M.C.L. § 450.1261(i)), and transact business (M.C.L. § 450.1261(p)). Furthermore, Section 302 of the Michigan limited liability company act gives the limited liability company direct rights against a member who is obligated to contribute cash or property to the company. M.C.L. § 450.4302. Finally, pursuant to Section 510 of the Michigan limited liability company act, a member of the limited liability company can sue on behalf of the company only if the company fails to sue in its own right. M.C.L. § 450.4510.

The Articles of Organization for IFT were filed with the State of Michigan on September 12, 1996. Paragraph 2.6 of the IFT Operating Agreement specifically gives *IFT*, not just a member of IFT, the right to take “enforcement action” to collect a member's capital contribution. Furthermore, defendants allegedly owe fiduciary duties *to IFT*, not BMW. The business with which defendants are accused of interfering is IFT's business. The property that defendants are accused of converting is IFT's property. Therefore, IFT would be the proper party to bring these claims against these defendants. IFT was not a plaintiff joined simply to destroy diversity of citizenship.

The jurisdiction question is whether IFT is a “citizen” under 28 U.S.C. § 1332(a) or whether this Court must look to the citizenship of its members in order to determine whether there is diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

■ In *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), the Supreme Court was presented with the issue of whether, in a suit brought by a limited partnership, the citizenship of the limited partners must be taken into account to determine the diversity of citizenship among the parties. The Supreme Court held that the citizenship of the individual limited partners had to be taken into account. In footnote 1 of *Carden*, the Supreme Court said that the issue was “not which of

various parties ... should be considered for purposes of determining whether there is complete diversity of citizenship, a question that will generally be answered by application of the ‘real party to the controversy’ test....” 494 U.S. at 188 n. 1, 110 S.Ct. 1015, 1018 n. 1. Rather, the issue was how the “citizenship” of the limited partnership was to be determined—“which in turn raises the question whether it can (like a corporation) assert its own citizenship, or rather is deemed to possess the citizenship of its members, and, if so, which members.” *Id.* The Supreme Court then held that a limited partnership, for federal diversity purposes, did not have “citizenship” under the jurisdictional statute established for corporations. In so holding, the Supreme Court anticipated and resolved the issue presented by the instant defendants' removal petition. That is, under federal diversity jurisdiction law, corporations are the only state-created business entities which are “citizens” for the purpose of determining the citizenship of parties for federal diversity purposes. The Supreme Court said:

> The 50 States have created, and will continue to create, a wide assortment of artificial entities possessing different powers and characteristics, and composed of various classes of members with varying degrees of interest and control. Which of them is entitled to be considered a “citizen” for diversity purposes, and which of their members' citizenship is to be consulted, are questions more readily resolved by legislative prescription than by legal reasoning, and questions whose complexity is particularly unwelcome at the threshold stage of determining whether a court has jurisdiction. We have long since decided that, having established special treatment for corporations, we will leave the rest to Congress; we adhere to that decision.

494 U.S. at 197, 110 S.Ct. at 1022.

■ The citizenship of an unincorporated association, at least for purposes of diversity jurisdiction, is the citizenship of each of its members. *Certain Interested Underwriters at Lloyd's, London v. Layne*, 26 F.3d 39, 41 (6th Cir.1994). This Court holds that this general rule applies to entities created pursu-

an', to the Michigan limited liability act. IFT's two members, BMW and Savory, are citizens of Michigan and Washington, respectively. Thus, IFT is a citizen of Washington. Because IFT is a citizen of Washington, as are both Defendants, complete diversity is lacking. Consequently, this Court does not have subject matter jurisdiction over this action.

For these reasons, this Court finds that this case was improperly removed pursuant to 28 U.S.C. § 1441(a). Therefore, this case must be remanded to the state court pursuant to 28 U.S.C. § 1447(c) and (d).

An Order consistent with this Opinion will be entered.