Ferdinan B. STEVENSON, Appellant,

v.

Charles A. SEVERS, III, et al., Appellees.

No. 97–7157.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 1, 1998.

Decided Oct. 27, 1998.

Robert L. Widener argued the cause for appellant. With him on the brief was Chrys D. Lemon.

Jack Kaufmann argued the cause for appellees. With him on the brief were Myles V. Lynk and Ralph G. Blasey, III.

Before: WALD, WILLIAMS and TATEL, Circuit Judges.

PER CURIAM:

In 1986, appellant Ferdinan B. Stevenson retained a lawyer, appellee Charles Severs,

and an insurance agent, appellee Sam Radin of National Madison Group, Inc., to set up a life insurance trust to benefit her four children upon her death. In order to avoid estate and gift tax liability for her yearly contributions to the trust, Severs advised Stevenson that the trust itself, instead of Stevenson's estate, should be the owner and beneficiary of two life insurance policies, each worth half a million dollars. Nine years later, a different lawyer retained by Stevenson noticed that the life insurance policies listed her estate, not the trust, as the policies' beneficiary. After the new lawyer directed the insurance agent to transfer the policies to the trust and after she paid $61,451 in gift taxes, Stevenson sued Severs, Radin, and National Madison Group in the United States District Court for the District of Columbia seeking recovery of those gift taxes, $550,000 in possible future estate tax liability that her estate would incur pursuant to 26 U.S.C. § 2035(a) if she were to die within three years after the transfer, and $25,000 she had paid to the lawyer who discovered the problem.

The district court granted summary judgment for all three appellees. The court found that Stevenson had not incurred any additional gift tax liabilities since she had already used her $10,000 per year exemption by giving yearly gifts to her children, the trust's beneficiaries. Even if the trust had been set up correctly, contributions to it would therefore have been subject to gift taxes. Moreover, the interpolated terminal reserve value of the policies at the date of the ultimate gift, $165,260, was less than the $170,901 that Stevenson would have had to pay had the trust been set up correctly. (Stevenson would have been liable for gift taxes on $161,256 in premium payments paid from 1990 to 1994 plus $9,645 for gifts given from 1986 to 1988 above and beyond her $10,000 per year exemption.) The court also found that none of the appellees had a duty to advise Stevenson on the potential gift tax liabilities of the trust arrangement, and that even if they had such a duty, they had not breached it. The district court found that the estate tax claim was unripe. Relying on the "American Rule" that each party pay the costs of its own litigation, the court also rejected Stevenson's claim for attorneys' fees.

We affirm the district court's ruling that Stevenson has failed to prove actual injury. We agree that no evidence appears in the record suggesting that even if appellees had properly established the trust, Stevenson would have paid less in gift taxes than she eventually did. Stevenson fails to point to anything in the record suggesting that she would have altered her gift-giving practices had the trust been properly established. Indeed, Stevenson's own estate tax expert states in his affidavit: "There is absolutely no way of knowing whether the plaintiff would have maintained the same pattern of gift giving if she were using her annual exclusion for the payment of insurance premiums." Affidavit of Sanford J. Schlesinger, ¶ 8. We also agree with the district court that the estate tax claim was unripe for adjudication. Indeed, assuming Stevenson has survived beyond September 29, 1998—three years after the date of transfer—the estate tax claim is now moot.

We find, however, that the district court misinterpreted Stevenson's claim for attorneys' fees. The district court viewed Stevenson's claim as one for litigation costs. However, she sought these fees not as litigation costs, but as damages for costs incurred to correct negligence. *See* Appellant's Amended Complaint at ¶¶ 23–25, 35, 39, 44, 48. Viewed this way, her claim is not barred by the "American Rule." But Stevenson can only recover the fees paid to the lawyer who discovered the problem if appellees had, in fact, breached a duty they owed her. Specifically, she must show that Severs' "neglect of a reasonable duty ... resulted in and was the proximate cause of loss to the client," *M & S Building Supplies v. Keiler,* 738 F.2d 467, 472 (D.C.Cir.1984) (internal quotation omitted), and/or that the facts of Radin and National Madison Group's relationship with her warrant a finding of liability, *see Aetna Casualty & Surety Co. v. Walter Ogus, Inc.,* 396 F.2d 667, 669–70 (D.C.Cir.1967); 16A John Allen Appleman & Jean Appleman, *Insurance Law and Practice* 65–66 (1981) ("[W]here an agent also holds himself out as

a consultant and a counselor, he does have a duty to advise the insured as to his insurance needs, particularly where such needs have been brought to the agent's attention."). But because appellees point to nothing in their summary judgment motions indicating that the issues of duty to advise on gift tax liabilities or breach of such a duty were properly brought to the attention of the district court and Stevenson, we reverse and remand on the issues of duty and breach.

This leaves for adjudication on remand, then, a $25,000 claim for attorneys' fees, a claim which falls below the $75,000 amount-in-controversy requirement for federal court jurisdiction based on diversity of citizenship. *See* 28 U.S.C.A. § 1332(a) (West Supp.1998). We must therefore decide whether to follow appellees' suggestion and remand with directions to dismiss this remaining claim for want of jurisdiction, or leave the question whether to dismiss to the discretion of the district court, as Stevenson urges.

Resolution of this issue turns on the language of the supplemental jurisdiction statute, 28 U.S.C. § 1367(a) (1994), which provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Courts may decline to exercise supplemental jurisdiction over a state law claim if

> (1) the claim raises a novel or complex issue of state law,

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

> (3) the district court has dismissed all claims over which it has original jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.*

In the typical exercise of supplemental jurisdiction, a district court finds that a state claim is "so related" to a federal cause of action that it forms "the same case or controversy," *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); in the interest of efficient use of judicial resources, the court therefore asserts supplemental jurisdiction over the state law claim. As the Fourth Circuit has held, however, "the statute is not limited to cases where the original basis for federal jurisdiction was a federal question. It clearly provides for the operation of supplemental jurisdiction in diversity cases." *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir.1995). Indeed, the statute plainly provides for the exercise of discretion whenever "the district court has dismissed all claims over which it has original jurisdiction" irrespective of whether original jurisdiction arose from diversity of citizenship or existence of a federal question. 28 U.S.C. § 1367(c)(3).

In this case, the district court had original jurisdiction over Stevenson's claim since the amount in controversy from her combined gift tax liability, estate tax liability, and attorneys' fees claims exceeded $75,000. Because we have affirmed the district court's grant of summary judgment on two of the three claims, however, the case on remand now consists entirely of a claim over which the district court would not have had jurisdiction had it been the sole basis for the original claim. Yet because the attorneys' fees claim formed part of the same "case or controversy" as the underlying jurisdictionally sufficient claims, the district court has discretion to entertain the remaining claim if it so chooses. In deciding whether to exercise its discretion to try the remaining cause of action, the Supreme Court has directed district courts to consider factors such as "judicial economy, convenience, fairness [to the parties], and comity [between the federal and state judiciary]." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

This matter is remanded for proceedings consistent with this opinion.

*So ordered.*