John D. SHULMAN et al., Plaintiffs,

v.

VOYOU, L.L.C., Defendant.

No. CIV.A.02–1295 (RMU).

United States District Court,
District of Columbia.

March 12, 2003.

Michael J. Lichtenstein, Swidler, Berlin, Shereff & Friedman, L.L.P., Washington, DC, for Plaintiffs.

Bernard E. Goodman, Gary & Goodman PLLC, Vienna, VA, for Defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

### GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

A fundamental concept of contract law is *pactu sunt servanda:* promises should be kept. Perhaps Adam Smith put it best by stating:

> Whoever offers to another a bargain of any kind, proposes to do this: Give me that which I want, and you shall have this which you want, is the meaning of every such offer; and it is in this manner that we obtain from one another the far greater part of those good offices which we stand in need of. It is not from the benevolence of the butcher, the brewer, or the baker, that we expect our dinner, but from their regard to their own interest.[1]

Although not involving a butcher, brewer, or baker, this case concerns a residential property contract that comes before

---

1. Adam Smith, THE WEALTH OF NATIONS 22 (5th ed. 1789).

the court on the defendant's motion to dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiffs, who are the property purchasers, seek relief via two claims of breach of contract and conversion. Specifically, the plaintiffs allege that in accordance with their contract, they gave the defendant, the seller of the property, a security deposit toward the purchase price of the property. Although the plaintiffs chose not to follow through with the agreement to purchase the property, the plaintiffs insist that the defendant should return the security deposit because the defendant subsequently found another buyer for the property and therefore has been unjustly enriched by keeping the deposit. The defendant, however, counters that the contract contained a liquidated-damages clause allowing the defendant to retain the deposit notwithstanding resale of the property. After consideration of the parties' submissions, the relevant law, and the record of this case, the court denies the defendant's motion to dismiss the breach-of-contract claim but grants the defendant's motion to dismiss the conversion claim.

## II. BACKGROUND

In March 2000, the plaintiffs, residents of the District of Columbia, entered into a contract with defendant Voyou, L.L.C., a Virginia company, for the sale and purchase of residential property in the District of Columbia. Compl. ¶ 6. The contract provided for a purchase price of $2.5 million for the property. *Id.* ¶ 11. Pursuant to the contract, the plaintiffs gave the defendant a $200,000 deposit for the purchase of the property. *Id.* ¶ 7. Subsequently, the plaintiffs apparently decided not to purchase the property, and executed a termination agreement with the defendant on November 30, 2000. *Id.* ¶ 8, Ex. B at 1.

The termination agreement entered into by the parties contains two key provisions.

First, it contains a liquidated-damages clause that states:

> The Deposit shall remain the Property of the Seller and the Purchaser shall have no claim at law or in equity for the return of the Deposit. Purchaser fully and completely waives and relinquishes any claim or right in and to the Deposit.

*Id.* Ex. B at 1. Second, it contains a best-efforts clause that provides:

> Seller shall use best efforts to resell the property which is subject of the Contract at the highest possible purchase price. Seller shall upon completion of its remarketing, resale and final closing of the property which is the subject of the Contract, evaluate all costs, expenses, and fees it incurs in its remarketing, resale and closing of the Property and shall, in Seller's reasonable sole discretion and upon Seller's reasonable sole evaluation, return to Purchaser that portion of the Deposit which is not needed in seller's reasonable sole opinion to make Seller whole as a result of the Termination of the Contract.

*Id.*

The plaintiffs allege that after the execution of the termination agreement, the defendant resold the residence to a third party for the purchase price of $3.5 million. *Id.* ¶ 12. According to the plaintiffs, however, the defendant refused to refund the plaintiff's deposit. *Id.* ¶ 14.

On June 27, 2002, in light of the defendant's failure to refund their deposit, the plaintiffs filed this complaint alleging both breach of contract and conversion by the defendant. *Id.* at 2–4. Subsequently, on July 18, 2002, the defendant filed a motion to dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1.

## III.  ANALYSIS

### A.  Legal Standard for a Motion to Dismiss

For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. FED. R. CIV. P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. FED. R. CIV. P. 12(b)(6). The plaintiff need not plead the elements of a prima-facie case in the complaint. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that a plaintiff in an employment-discrimination case need not establish her prima-facie case in her complaint); *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1114 (D.C.Cir. 2000). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. District of Columbia,* 73 F.3d 418, 422 (D.C.Cir.1996). In deciding such a motion, the court must accept all of the complaint's well-pled factual allegations as true and draw all reasonable inferences in the non-movant's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### B.  The Court Denies the Defendant's Motion to Dismiss the Breach of Contract Claim

#### 1.  Legal Standard for Breach of Contract Claim

"A contract is a promise or set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." RESTATEMENT (SECOND) OF CONTRACTS § 1 (1979). Under District of Columbia law, for an enforceable contract to exist, there must be agreement as to all material terms and an intention of the parties to be bound. *Georgetown Entm't Corp. v. District of Columbia,* 496 A.2d 587, 590 (D.C. 1985) (internal citations omitted). The contract "must be sufficiently definite as to its material terms (which include, e.g., subject matter, price, payment terms, quantity, quality, and duration) that the promises and performances to be rendered by each party are reasonably certain." *Rosenthal v. Nat'l Produce Co.,* 573 A.2d 365, 370 (D.C.1990) (citing J.D. CALAMARI & J.M. PERILLO, THE LAW OF CONTRACTS, § 2–13, at 43–44 & n. 17 (2d ed.1977)). The party asserting the existence of an enforceable contract (here, the plaintiff), bears the burden of proof on the issue of contract formation. *Jack Baker, Inc. v. Office Space Dev., Corp.,* 664 A.2d 1236, 1238 (D.C.1995) (internal citations omitted). Although the court must construe the plaintiffs' complaint liberally, the complaint must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which the court could afford relief to the pleader. *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229; *Atchinson,* 73 F.3d at 422.

#### 2.  The Court Concludes That the Best–Efforts and Liquidated–Damages Clauses Are Reconcilable

The defendant first challenges the plaintiff's complaint for failure to state a cognizable breach-of-contract claim. Def.'s Mot. at 1. The defendant argues that notwithstanding the best-efforts clause, the liquidated-damages clause of the termination agreement requires the plaintiffs to forfeit or relinquish any ownership or right in their deposit. *Id.* at 2–3. The plaintiffs respond by pointing to the best-efforts clause, which requires the defen-

dant to resell the property and remit to the plaintiffs any portion of the deposit "not needed" to make the defendant whole. Pls.' Opp'n to Def.'s Mot. ("Pls.' Opp'n") at 2–3.

It is a basic tenet of contract law that where two seemingly conflicting contract provisions exist within a contract, it is the province and duty of the court to find harmony between them and to reconcile them if possible. *Papago Tribal Util. Auth. v. Fed. Energy Regulatory Comm'n*, 610 F.2d 914, 929 (D.C.Cir.1979); 17A Am. Jur. 2d *Contracts* § 393 (2002). In other words, the court should construe, if possible, all clauses and provisions of a contract so as to harmonize with one another. *Id.* "Only when the parts of a contract are so radically repugnant that there is no way in which they can rationally stand together must any part perish." *MCI Telecomm. Corp. v. Fed. Communications Comm'n*, 712 F.2d 517, 530 (D.C.Cir.1983); 17A Am. Jur. 2d *Contracts* § 393 (2002).

In the instant case, the two seemingly conflicting contract provisions are the best-efforts clause and the liquidated-damages clause. Compl. Ex. B at 1. On the one hand, the best-efforts clause provides that the defendant must attempt to mitigate damages resulting from the plaintiffs' breach of the real-estate contract by reselling the property and remitting to the plaintiffs any deposit not needed to make the defendant whole. *Id.* On the other hand, the liquidated-damages clause requires the plaintiffs to waive and relinquish any claim or right in the deposit. *Id.* The question before the court is whether the two clauses can be reconciled.

Accepting all of the plaintiff's alleged facts as true, the court finds that the two clauses are reconcilable and denies the defendant's motion to dismiss on the breach-of-contract claim. *Hishon*, 467 U.S. at 73, 104 S.Ct. 2229; *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683; *Atchinson*, 73

F.3d at 422. As noted, it is the court's duty to reconcile conflicting clauses. *Papago*, 610 F.2d at 929. If, as the defendant urges, the court were to hold that the liquidated-damages clause allows the seller to retain the entire deposit despite having resold the property, then that clause could not be squared with the best-efforts clause, which requires the seller to remit any portion of the deposit not needed to make the defendant whole after reselling the property. *Id.*; Def.'s Mot. at 2–3. Such an outcome would not comport with the court's duty. *Papago*, 610 F.2d at 929.

Instead, to reconcile the clauses, the court interprets the liquidated-damages clause to apply only when the seller is unable to resell the property. *Papago*, 610 F.2d at 929. In other words, the defendant must use its best efforts to resell the property and upon doing so, the defendant shall remit to the plaintiffs any portion of the deposit not needed to make it whole. *Id.* If, however, the defendant is unable to resell the property, the liquidated-damages clause applies, allowing the defendant to retain the plaintiffs' entire deposit. *Id.* This construction of the termination agreement sacrifices neither clause on the altar of the other but rather assures the functionality of both. *Id.*

■ Therefore, the plaintiffs have sufficiently alleged a breach-of-contract claim by asserting that the defendant both resold the property and retained the plaintiffs' entire deposit in violation of the defendant's obligations under the termination agreement. Compl. Ex. B at 1; Pls.' Opp'n at 2–3. Accordingly, the court denies the defendant's motion to dismiss as to the plaintiff's breach-of-contract claim. Fed. R. Civ. Proc. 12(b)(6); *Hishon*, 467 U.S. at 73, 104 S.Ct. 2229; *Atchinson*, 73 F.3d at 422.

## C. The Court Grants the Defendant's Motion to Dismiss the Conversion Claim

### 1. Legal Standard for Conversion Claim

■ The modern claim of conversion grew out of the common-law action of trover, which applied to a finder of lost goods who converted those goods to the finder's own use. *Conard v. Pacific Ins. Co.*, 31 U.S. 262, 281, 6 Pet. 262, 8 L.Ed. 392 (1832) (explaining that an action of trover may lie for the tortious conversion of property); *Iglesias v. United States*, 848 F.2d 362, 364 (2nd Cir.1988); *Fed. Ins. Co. v. Smith*, 2003 WL 465569, at *6 (4th Cir. 2003) (Traxler, J., dissenting) (stating that "[c]onversion descends from the common law action of trover"). The claim of conversion "originated ... as a remedy against the finder of lost goods who refused to return them to the owner but instead 'converted' them to his own use." RESTATEMENT (SECOND) OF TORTS § 222A cmt. a (1965). Assessing property as the subject of an action for conversion depended on the fiction of losing and finding the property whereupon any tangible chattel that was capable of being lost and found could be converted. W. Page Keeton *et al.*, PROSSER & KEETON ON THE LAW OF TORTS § 15 (5th ed.1984).

Following this line of reasoning, courts initially held that money was not the proper subject of an action for conversion unless the money was contained within a bag or a chest. *Holiday v. Hicks*, 2 Cro. Eliz. 638, 661 (1598); *Fed. Ins. Co. v. Smith*, 2003 WL 465569, *6. Today, courts define conversion as "any unlawful exercise of ownership, dominion, or control, over the personal property of another in denial or repudiation of that person's rights thereto." *O'Callaghan v. District of Columbia*, 741 F.Supp. 273, 279 (D.D.C.1990) (Pratt, J.) (citing *Duggan v. Keto*, 554 A.2d 1126, 1137 (D.C.1989)); RESTATEMENT (SECOND) OF TORTS § 222A. Money may be the subject of a conversion claim only if the plaintiff has a property right to a specific identifiable fund of money. *Curaflex Health Servs., Inc. v. Bruni*, 877 F.Supp. 30, 32 (D.D.C.1995) (Friedman, J.). "Where the defendant's initial possession is lawful, the settled rule is that in the absence of facts and circumstances independently establishing conversion, a demand for [the property's] return is necessary to render ... possession unlawful and to show its adverse nature." *Shea v. Fridley*, 123 A.2d 358, 361 (D.C.1956). Furthermore, a plaintiff may not maintain a conversion claim merely to enforce an obligation to pay money. *Curaflex*, 877 F.Supp. at 32.

### 2. The Court Concludes That the Plaintiffs Do Not Have a Property Interest in the Deposit

With regard to the claim of conversion, the defendant contends that because the contract states that the deposit remains the property of the defendant, the plaintiffs lack an ownership interest in the deposit and that consequently their conversion claim must fail. Def.'s Mot. at 3. In response, the plaintiffs maintain that because the best-efforts clause requires the defendant to use its best efforts to resell the property and then remit any unused portion of the deposit to the plaintiffs, they retain a residual interest in the deposit. Pl.'s Mot. at 3–4. Because the plaintiffs claim that they have made repeated demands for the unused portion of the deposit, they assert that they may properly request relief under a conversion theory. Compl. ¶ 14.

According to precedent, the determinative issue before the court is whether the plaintiffs had a property interest in, rather than a contractual right to, the deposit. *Curaflex*, 877 F.Supp. at 32–33. In a case directly on point, a supply contract between two parties provided that the plain-

tiff would supply products and services to the defendant, and that in exchange the defendant would compensate the plaintiff 70 percent of the amount due for the plaintiff's goods. *Id.* at 32. The agreement specified a payment method whereby the defendant would instruct its bank to transfer money from the defendant's lockbox to the plaintiff's bank account. *Id.* After the money was not transferred, the plaintiff brought an action for conversion against the defendant alleging that the money had not been deposited into the plaintiff's account, but rather remained in the defendant's lockbox. *Id.* at 32–33. Because the plaintiff's ability to gain possession or control of the funds was wholly contingent on the defendant meeting his obligation to instruct the bank to transfer the funds from his lockbox to the plaintiff's bank account, the court found that the plaintiff had no immediate right to possession or control of the money. *Id.* Consequently, the plaintiff's rights were not property rights, but were contractual in nature. *Id.* Therefore, the court held that the facts alleged by the plaintiff did not support a claim for conversion. *Id.* at 33.

Likewise, the plaintiffs' rights here are of a contractual nature and are not property interests. In this case, the plaintiffs have no immediate right to possession of control of the money. Rather, their control is contingent on the defendant finding another purchaser and then remitting to the plaintiffs any unused or unneeded portion of the deposit. *Compare Curaflex,* 877 F.Supp. at 32 *with* Compl. Ex. B at 1. Applying the *Curaflex* reasoning to this case, then, the plaintiffs here at best have only a contractual right to rather than a property right in the deposit. *Curaflex,* 877 F.Supp. at 32–33. Accordingly, the court concludes that the plaintiffs have not sufficiently alleged a claim of conversion, and thus grants the defendant's motion to dismiss as to the conversion claim. FED. R. CIV. PROC. 12(b)(6); *Hishon,* 467 U.S. at

73, 104 S.Ct. 2229; *Atchinson,* 73 F.3d at 422.

## IV. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the defendant's motion to dismiss. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this _____ day of March 2003.

## *ORDER*

### GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION TO DISMISS

For the reasons stated in the court's Memorandum Opinion separately and contemporaneously issued this _____ day of March 2003, it is hereby

**ORDERED** that the defendant's motion to dismiss is **GRANTED in part** and **DENIED in part.**

**SO ORDERED.**