**John D. SHULMAN et al., Plaintiffs,**

v.

**VOYOU, LLC, Defendant.**

**No. CIV.A.02–1295(RMU).**

United States District Court, District of Columbia.

Jan. 19, 2004.

Michael J. Lichtenstein, I, Swidler, Berlin, Shereff & Friedman, L.L.P., Washington, DC, for Plaintiffs.

Bernard E. Goodman, Gary & Goodman PLLC, Vienna, VA, for Defendant.

## *MEMORANDUM OPINION*

URBINA, District Judge.

GRANTING THE DEFENDANT'S
MOTION TO DISMISS

## I. INTRODUCTION

This contract case addresses the basic principle of always ensuring that jurisdiction exists. Before the court is the defendant's motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The complaint invokes this court's jurisdiction under 28 U.S.C. § 1332(a), the diversity statute. Given that the parties on both sides of this action are citizens of the District of Columbia, and the plaintiffs present no evidence to the contrary, the court determines that complete diversity between the parties does not exist and therefore grants the defendant's motion.

## II. BACKGROUND [1]

### A. Factual Background

In March 2000, the parties executed a contract for the purchase of real property. Compl. ¶ 6. Toward that end, the plaintiffs tendered a $200,000 deposit to the defendant. *Id.* ¶ 7. Subsequently, the parties executed a Contract Termination Agreement, which provides that the defendant "shall use best efforts to resell the property." *Id.* ¶ 8 & Ex. B at 1. This agreement left to the defendant's "reasonable sole

---

1. For a further account of the factual and procedural backgrounds of this case, see the court's Memorandum Opinion of March 12, 2003. *Shulman v. Voyou, LLC,* 251 F.Supp.2d 166 (D.D.C.2003).

discretion" whether to pay the plaintiffs the portion of the deposit "not needed ... to make [the defendant] whole." *Id.* When the defendant refused to refund the plaintiffs any portion of the deposit, the plaintiffs brought this action. *Id.* ¶ 14.

The plaintiffs assert subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). *Id.* ¶ 4. The plaintiffs are residents of the District of Columbia. *Id.* ¶ 1. The defendant is a limited liability company ("LLC") organized under the laws of the Commonwealth of Virginia. *Id.* ¶ 2. The company's two members are residents of the District of Columbia. Def.'s Mot. at 3.

### B. Procedural Background

On June 27, 2002, the plaintiffs filed their complaint alleging both a breach-of-contract claim and a conversion claim. In response, the defendant filed a motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. The court granted in part and denied in part the defendant's motion, dismissing the conversion claim and allowing the case to proceed on the contract claim. The defendant then filed an answer and the parties commenced discovery. After discovery ended, the plaintiffs filed a motion for summary judgment on October 8, 2003, and the defendant filed a cross motion for summary judgment on November 7, 2003. On November 19, 2003, the defendant filed its Rule 12(b)(1) motion to dismiss, claiming that complete diversity between the parties does not exist. The court now addresses the defendant's Rule 12(b)(1) motion to determine whether it has subject-matter jurisdiction.

### III. ANALYSIS

### A. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

█ Federal courts are courts of limited jurisdiction and the law presumes that "a

cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia,* 339 F.3d 970, 971 (D.C.Cir.2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir.1999); *Rasul v. Bush,* 215 F.Supp.2d 55, 61 (D.D.C.2002) (Kotelly, J.) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 182–83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). The court may dismiss a complaint for lack of subject-matter jurisdiction only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Empagran S.A. v. F. Hoffman–LaRoche, Ltd.,* 315 F.3d 338, 343 (D.C.Cir.2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

█ Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States,* 334 F.3d 61, 64, 69 (D.C.Cir.2003); *Grand Lodge of Fraternal*

*Order of Police v. Ashcroft,* 185 F.Supp.2d 9, 13 (D.D.C.2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992).

## B. The Court Grants the Defendant's Motion to Dismiss Because Diversity Jurisdiction Does Not Exist

A federal district court has subject-matter jurisdiction over a suit when the amount in controversy exceeds $75,000 and the parties are diverse in citizenship. 28 U.S.C. § 1332(a); *DeBerry v. First Gov't Mortgage & Investors Corp.,* 170 F.3d 1105, 1106 n. 1 (D.C.Cir.1999); *see also Stevenson v. Severs,* 158 F.3d 1332, 1334 (D.C.Cir.1998) (per curiam) (identifying the $75,000 amount-in-controversy requirement for federal diversity jurisdiction under 28 U.S.C. § 1332(a)). The court notes at the outset that the plaintiffs satisfy the amount-in-controversy requirement because they seek to recover $200,000 in damages for their contract claim, an amount that exceeds the $75,000 mark required by the diversity statute. 28 U.S.C. § 1332(a); Compl. ¶ 19.

■ To satisfy the complaint's proffered basis for subject-matter jurisdiction, however, diversity of citizenship between the parties must also exist. 28 U.S.C. § 1332(a)(1). Diversity must be complete; no plaintiff may be a citizen of the same jurisdiction as any defendant. *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). The defendant asserts that such diversity is not present in this case because it is an LLC whose citizenship is determined by the citizenship of its members. Def.'s Mot. at 3. As noted, along with the plaintiffs, the defendant's two members are residents of the District of Columbia. *Id.* Because the parties on each side of this litigation are citizens of the same jurisdiction, the defendant draws the conclusion that the court lacks subject-matter jurisdiction. *Id.*

It is somewhat unclear whether the plaintiffs contest the defendant's jurisdictional challenge. While the plaintiffs state that they "oppose" the defendant's motion to dismiss, they offer no argument or reason which demonstrates diversity. Pls.' Resp. at 1. To the contrary, the plaintiffs appear to concede the point by stating that "[t]he Defendant was well aware that its members were citizens of the District of Columbia." *Id.* at 4.

The parties' arguments bring only one dispositive issue to light, and that is whether the defendant qualifies as a citizen of the same jurisdiction as the plaintiffs. This issue is not unfamiliar to this court. As this court has previously noted, the Supreme Court's decision in *C.T. Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), governs the question of citizenship with regard to an LLC. *Johnson–Brown v. 2200 M Street LLC,* 257 F.Supp.2d 175, 178 (D.D.C.2003) (listing a century of Supreme Court rulings that display an "admirable consistency of jurisprudence by refusing to extend corporate citizenship" to other legal persons or entities). Boiled down to its simplest form, the Court's bright-line rule is that "non-corporate entities are analogized to partnerships, which carry the citizenship of their members." *Id.* (citing *Carden,* 494 U.S. at 195–96, 110 S.Ct. 1015) (citations omitted).

■ In *Carden,* a limited partnership organized in the State of Arizona sued two citizens of the State of Louisiana in federal

court based on diversity. *Carden,* 494 U.S. at 186, 110 S.Ct. 1015. The defendants moved to dismiss on the ground that one of the company's partners was a citizen of Louisiana, thereby effectively shattering diversity. *See id.* The Court agreed with the defendants, holding that the rule of corporate citizenship, whereby a corporation is a citizen of the state in which it is incorporated, does not apply to non-corporate entities, such as limited partnerships. *Id.* at 197, 110 S.Ct. 1015. The majority reasoned that Congress had already spoken on the matter of corporate citizenship and, in so doing, had not brought other artificial entities under the rule's umbrella. *Id.* at 196–97, 110 S.Ct. 1015. In a nutshell, the Court held that complete diversity cannot exist when one member of such non-corporate entities lives in the same state as one of the opposing parties. *See id.* at 197, 110 S.Ct. 1015.

Similarly, this court has refused to extend the rule of corporate citizenship to a non-corporate entity such as an LLC, thereby consistently maintaining *Carden's* position that "corporate citizenship is limited to corporations" and remaining faithful to the principle that federal courts are courts of limited jurisdiction. *E.g., In re Sealed Case,* No. 03–0968(RMU), slip op. at 7 (D.D.C. Oct. 28, 2003) (explaining that a non-corporate entity carries the citizenship of its members); *Hoffman v. Fairfax County Redevelopment & Hous. Auth.,* 276 F.Supp.2d 14, 17 (D.D.C.2003) (treating an LLC as a partnership that does "not enjoy corporate citizenship for purposes of diversity"); *Johnson–Brown,* 257 F.Supp.2d at 178–80 (declining to apply the corporate-citizenship rule to an LLC). Not surprisingly, other courts that have addressed this question have held the same. *E.g., Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 52 (2d Cir.2000) (stating that two LLCs are both citizens of Florida because both have Florida mem-

bers); *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998) (determining that "the citizenship of an LLC for purposes of [ ] diversity jurisdiction is the citizenship of its members"); *Certain Interested Underwriters at Lloyd's v. Layne,* 26 F.3d 39, 41 (6th Cir.1994) (describing an unincorporated association as having "no separate legal identity[,] so its citizenship, at least for the purposes of diversity jurisdiction, is the citizenship of each of its members"); *NIPMUC Props., LLC v. PDC–El Paso Meriden, LLC,* 2002 WL 1608324, 2002 U.S. Dist. LEXIS 13611, at *6 (D. Conn. June 25, 2002) (holding that an LLC organized in Connecticut is actually a citizen of Delaware, where its sole member resided); *Int'l Flavors & Textures, LLC v. Gardner,* 966 F.Supp. 552, 554 (W.D.Mich.1997) (recognizing that the citizenship of an LLC is the citizenship of each of its members).

■ Turning now to the case at bar, the court views the defendant as a citizen of the jurisdiction of its members. *Id.* There can be no doubt that the defendant is a citizen of the District of Columbia because both of its members reside here. *See id;* Def.'s Mot. at 3. While the complaint alleges that the defendant is "a limited liability company organized under the laws of the Commonwealth of Virginia," this allegation alone does not suffice to draw the case within the limited parameters of this court's jurisdiction. *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673 (reiterating that federal courts "possess only that power authorized by [the] Constitution and statute"); Compl. ¶ 2. Considering that the plaintiffs themselves reside in this district, the court concludes that diversity does not exist because the parties to this action share the same citizenship. 28 U.S.C. § 1332(a); Compl. ¶ 1; Def.'s Mot. at 3.

One last item merits attention. The plaintiffs complain that one of the defen-

dant's interrogatory answers influenced their mistaken belief that the defendant resides in Vienna, Virginia. Pls.' Resp. at 2–3. But alas, this response should not have caused the plaintiffs to believe that the LLC's members live in the Commonwealth of Virginia because, as the defendant's answer states, the provided address is that of the defendant's registered agent of service. *Id.* at 3 n. 1 (noting that the plaintiffs should serve the defendant "c/o Gary & Goodman PLLC" in Virginia). Moreover, the caption of the plaintiffs' own complaint describes the Virginia address as belonging to the defendant's registered agent of service, not to the defendant itself. Compl. at 1. Thus, the plaintiffs' reasoning fails the test of common sense.

Even if the court were to buy into the plaintiffs' argument that the defendant is culpable in misleading the plaintiffs, the court would still have to dismiss the case because Rule 12(b)(1) places the burden of establishing subject-matter jurisdiction on the plaintiffs. *McNutt,* 298 U.S. at 182–83, 56 S.Ct. 780; *Evans,* 166 F.3d at 647; *Rasul,* 215 F.Supp.2d at 61. In other words, the plaintiffs have no one to blame but themselves for not meeting their burden of demonstrating diversity of citizenship. It is unfortunate that the question of jurisdiction did not arise earlier in these proceedings, before the parties and the court had expended time and expense that now prove unnecessary in hindsight given the present posture of the case. Nevertheless, "[a]s a court of limited jurisdiction, [the court] take[s] seriously any suggestion that [it] lack[s] the authority to act—even one raised at the eleventh hour[.]" *Consumer Elecs. Assoc. v. Fed. Communications Comm'n,* 347 F.3d 291, 296 (D.C.Cir. 2003).

## IV.   CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss.

An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th day of January 2004.