Christopher ROBERTS, Plaintiff,

v.

Alen J. SALERIAN, M.D., Defendant.

No. CIV.A.04–0549(RMU).

United States District Court,
District of Columbia.

June 7, 2004.

Nathan I. Finkelstein, Finkelstein & Horvitz, P.C., Bethesda, MD, for Plaintiff.

Steven Anthony Hamilton, Hamilton, Altman, Canale & Dillon, LLC, Bethesda, MD, for Defendant.

## *ORDER*

### GRANTING THE DEFENDANT'S MOTION TO DISMISS

URBINA, District Judge.

■ The plaintiff brings this medical-malpractice case against the defendant, a psychiatrist who allegedly misdiagnosed the plaintiff's psychiatric disorder and prescribed unsuitable medication that not only failed to improve but exacerbated the plaintiff's actual condition. Compl. ¶ 21. The complaint premises the court's jurisdiction on diversity of citizenship, alleging that the plaintiff is a Maryland resident while the defendant is a resident of the District of Columbia. *Id.* ¶¶ 1–2.

■ On May 25, 2004, the defendant filed a motion to dismiss for want of subject-matter jurisdiction, stating that there is no diversity of citizenship between the parties because, like the plaintiff, he too resides in Maryland. Def.'s Mot. at 2; Def.'s Aff. ¶ 2. In response, the plaintiff filed a submission styled as an "opposition," explaining that his efforts to ascertain the defendant's address resulted in what he believed to be "several listings for [the d]efendant in the District of Columbia." Pl.'s Opp'n at 1. Interestingly enough, while the plaintiff characterizes his response as an opposition, he nonetheless takes the defendant at his word, having no reason to assume that the defendant is being less than forthright, and "consents to the dismissal of this action without prejudice." [1] *Id.* at 1. Instead of

1.  The plaintiff's request that the court specifically qualify its dismissal without prejudice falls on deaf ears because a dismissal for lack of subject-matter jurisdiction does not usually operate as a decision on the merits, and will not generally preclude the plaintiff from filing his claim in a court that may properly hear the dispute. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam)), *cert. denied, Cloud v. United States*, 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002); *Nowak v. Ironworkers Local 6 Pens. Fund*, 81 F.3d 1182, 1188 (2d

wastefully attempting to make heads or tails from the plaintiff's response, the court assumes that the plaintiff defends against the defendant's jurisdictional attack and moves forward to resolve the matter on the relative strength of the briefs.

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency,* 363 F.3d 442, 448 (D.C.Cir.2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction"). On a motion to dismiss for lack of subject-matter jurisdiction, the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir.1999); *Rasul v. Bush,* 215 F.Supp.2d 55, 61 (D.D.C.2002) (Kotelly, J.) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 182–83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

Subject-matter jurisdiction may exist in federal district court when the suit involves an amount in controversy that exceeds $75,000 and the parties are diverse in citizenship. 28 U.S.C. § 1332(a); *DeBerry v. First Gov't Mortgage & Investors Corp.,* 170 F.3d 1105, 1106 n. 1 (D.C.Cir. 1999); *see also Stevenson v. Severs,* 158 F.3d 1332, 1334 (D.C.Cir.1998) (per curiam) (identifying the $75,000 amount-in-controversy requirement for federal diver-

sity jurisdiction under 28 U.S.C. § 1332(a)).

Because the plaintiff seeks to recover $300,000 in damages for his malpractice claim, he easily satisfies the amount-in-controversy requirement under the diversity statute. 28 U.S.C. § 1332(a); Compl. at 5. To satisfy the complaint's proffered basis for subject-matter jurisdiction, however, diversity of citizenship between the parties must also exist. 28 U.S.C. § 1332(a)(1). The defendant provides his own affidavit affirming his Maryland address and residency. Def.'s Aff. ¶ 2. The plaintiff, who also holds himself out as a Maryland resident, fails to rebut the defendant's proffer, thereby debilitating his jurisdictional claim. *McNutt,* 298 U.S. at 182–83, 56 S.Ct. 780; *Evans,* 166 F.3d at 647; *Rasul,* 215 F.Supp.2d at 61; Compl. ¶ 1; *see generally* Pl.'s Opp'n.

Whereas it appears that the parties on each side of this litigation are citizens of the same jurisdiction and the plaintiff has done nothing to demonstrate otherwise, the court concludes that it lacks subject-matter jurisdiction over the controversy. *Id.;* 28 U.S.C. § 1332(a)(1). Accordingly, it is this *7th* day of June 2004,

**ORDERED** that the defendant's motion to dismiss is **GRANTED**.

**SO ORDERED.**

---

Cir.1996) (citing *Exch. Nat'l Bank v. Touche Ross & Co.,* 544 F.2d 1126, 1130–31 (2d Cir. 1976), *modified on other grounds,* 726 F.2d 930 (2d Cir.1984)); *Leaf v. Sup.Ct. of State of*

*Wisc.,* 979 F.2d 589, 595 (7th Cir.1992) (citing, *inter alia, Costello v. United States,* 365 U.S. 265, 285, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961)).